(No. 2886—

WILLIAM BRICKER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1937.*

MILEY & GOMBE, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For a short time prior to the 29th day of November, A. D. 1935, the claimant was employed by the respondent as a truck driver in the Division of Highways, and was working on a roadside planting project on S. B. I. Route 45 in Saline County.

On the last mentioned date, while unloading a tree weighing approximately three hundred pounds, the tree slipped and the entire weight thereof fell upon the claimant, whereby he was thrown backwards and sustained injuries to his left leg at the knee. He was placed under the care of Dr. R. B. Ny-

berg of Carbondale who continued to treat him until February 21st, 1936, and he returned to work on March 4th, 1936.

The only evidence in the record as to claimant's earnings was to the effect that he was paid sixty cents per hour for not to exceed eight hours per day, forty hours per week, or one hundred thirty hours per month.

He claims an additional amount for temporary total disability and also asks for an award for the permanent partial loss of the use of his left leg.

It is agreed that at the time of the accident both parties were working under the provisions of the Compensation Act; that on said date the claimant sustained an accidental injury which arose out of and in the course of his employment; that notice of the accident was given and claim for compensation on account thereof was made within the time required by the Act; that claimant's wages were approximately $78.00 per month; that he had three children under the age of sixteen years at the time of the accident; that all medical, surgical and hospital expenses were paid by the respondent, and that claimant was paid $151.56 for temporary total disability.

The only questions for determination are whether claimant is entitled to further compensation for temporary total disability; whether he has sustained the permanent partial loss of the use of his left leg; and if so, the extent of such disability and the amount of compensation to be paid therefor.

Upon a consideration of all of the evidence, in the record, we find that as the result of the accident in question, the claimant was temporarily totally disabled from the date of the accident in question to the 4th day of March, A. D. 1936, to-wit, for thirteen and two-sevenths weeks, and that he is entitled to compensation therefor at the rate of Thirteen Dollars ($13.00) per week.

We further find that as the result of the accident in question the claimant sustained the permanent loss of ten per cent of the use of his left leg, and that under the provisions of Sections 8-E-17 and 8-J-2 he is entitled to nineteen weeks' compensation therefor, at the rate of Thirteen Dollars ($13.00) per week.

We further find that all of the aforementioned compensation has accrued at this time.

The total amount due the claimant in accordance with the foregoing findings, is Four Hundred Nineteen Dollars and Seventy-one Cents ($419.71). He has heretofore been paid the sum of One Hundred Fifty One Dollars and Fifty-six Cents ($151.56) to apply thereon, leaving a balance due of Two Hundred Sixty Eight Dollars and Fifteen Cents ($268.15).

Award is therefore hereby entered in favor of the claimant for the sum of Two Hundred Sixty Eight Dollars and Fifteen Cents ($268.15).

This award being made under the provisions of the Workmen's Compensation Act for injuries to a State employee, is subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Claims Arising Out of Injuries to State Employees, and Providing for the Method of Payment Thereof," approved July 3rd, 1937 (Session Laws of 1937, page 83).

In accordance with the provisions of such Act, this award is subject to the approval of the Governor, and upon such approval, is payable from the appropriation from the Road Fund in the manner provided in such Act.